Lowell T. Carruth, # 034065  (SPACE BELOW FOR FILING STAMP ONLY)
McCormick, Barstow, Sheppard,
Wayte & Carruth LLP
P.O. Box 28912
5 River Park Place East
Fresno, CA  93720-1501
Telephone:    (559) 433-1300
Facsimile:    (559) 433-2300

Attorneys for Defendants
METRO XPRESS and DALE PARKER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| MAX L. REINIG,<br><br>    Plaintiff,<br><br>v.<br><br>DALE PARKER, individually; METRO XPRESS, a Kansas Corporation doing business in the State of California, and DOES 1 to 20, inclusive,<br><br>    Defendants. | Case No.: 1:10-CV-01232-LJO-SKO<br><br>**STIPULATION FOR THE PHYSICAL EXAMINATION OF PLAINTIFF MAX L. REINIG AND ORDER**<br><br>Date of Examination:  March 9, 2011 |

      Defendants METRO XPRESS and DALE PARKER (hereinafter "Defendants") and Plaintiff MAX L. REINIG (hereinafter "Plaintiff"), by and through their undersigned counsel, and, pursuant to the Federal Rule of Civil Procedure 35, hereby stipulate and agree as follows:

      1.    That a controversy exists regarding the physical condition of Plaintiff MAX L. REINIG.

      2.    That good causes exists for a physical examination of Plaintiff in that said examination would be the best method to evaluate the physical condition of Plaintiff and his claims of injury, illness and/or incapacity.

      3.    That the physical examination of Plaintiff will be conducted by Harvey Lawrence Edmonds, M.D., a licensed physician, with a specialty in neurology.  Said physical examination

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

STIPULATION FOR THE PHYSICAL EXAMINATION OF PLAINTIFF MAX L. REINIG AND [PROPOSED] ORDER

1  will take place on March 9, 2011, at 1:15 p.m., at the office of Harvey Lawrence Edmonds, M.D.,
2  located at 728 East Bullard Avenue, Suite 104, Fresno, California, 93710.

3   4. The examining physician may ask the Plaintiff what happened to him physically in
4  the subject accident, but may not question the Plaintiff on how the accident occurred.

5   5. Plaintiff's counsel may record or may designate a representative to record the
6  entire audio content of the physical examination.  Plaintiff's counsel shall inform defense counsel
7  of the full names of any persons who will be present with Plaintiff at his examination so that Dr.
8  Edmonds and his staff may be informed in writing of their names and will authorize these persons
9  to be present for the examination in accordance with Dr. Edmonds' practice of preserving the
10 medical privacy rights of patients.

11  6. The examination will only be rescheduled or continued if an unavoidable medical
12 emergency occurs in which Dr. Edmonds' medical expertise is required on an emergent basis.
13 Defendants' counsel will immediately provide Plaintiff's counsel with a full explanation of any
14 emergent medical event should it occur and should it result in the need for Dr. Edmonds to
15 reschedule Plaintiff's examination or leave Plaintiff's examination prematurely.

16  7. Defendants shall submit to Dr. Edmonds any and all medical records of Plaintiff
17 for his review before the examination.

18  8. Any paperwork proposed to be completed by Plaintiff on the day of the exam must
19 be provided to Plaintiff's counsel at least one week prior to the examination, or the paperwork
20 will not be completed.  Any such written questions will be addressed before or after, but not
21 during, the physical examination.

22  9. Plaintiff will not submit to any blood draws, urine tests, x-rays, CT scans, MRI's
23 or any other radiographic studies.

24  10. No photographs of Plaintiff will be permitted.

25  11. The examination may not include any diagnostic test or procedure that is painful,
26 protracted, or intrusive.

27 / / /
28 / / /

12. The examining physician shall promptly prepare the report required by Fed. Rule Civ. Proc. 35(b)(1), and counsel for the examining Defendants shall promptly serve of copy of said report on counsel for Plaintiff.

The parties, by one of the undersigned counsel for each party, agree that this Stipulation may be signed by counsel pursuant to Local Court Rule 7-131(e), and that all counsel listed below have authorized the submission of this **STIPULATION AND (PROPOSED) ORDER** to this Court.

**IT IS SO STIPULATED BY**:

Dated: January 24, 2011              McCORMICK, BARSTOW, SHEPPARD,
                                                      WAYTE & CARRUTH LLP

                                     By:    /s/  Lowell T. Carruth
                                                  Lowell T. Carruth
                                              Attorneys for Defendants
                                         METRO XPRESS and DALE PARKER

                                     And

Dated: January 21, 2011              LAW OFFICES OF FRANK G. BLUNDO

                                     By:    /s/  Frank G. Blundo, Jr.
                                                 Frank G. Blundo, Jr
                                               Attorneys for Plaintiff
                                                  MAX L. REINIG

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

3

STIPULATION FOR THE PHYSICAL EXAMINATION OF PLAINTIFF MAX L. REINIG AND [PROPOSED] ORDER

**ORDER**

GOOD CAUSE HAVING BEEN SHOWN AND THE PARTIES HAVING STIPULATED TO THE SAME, the Court finds that the above-stated Stipulation is sanctioned by the Court, pursuant to Federal Rule of Civil Procedure 35 and shall be and now is the Order of the Court. All Parties in this action shall abide by the terms of this Stipulated Order for the Physical Examination of Plaintiff Max L. Reinig.

IT IS SO ORDERED.

Dated:   **January 25, 2011**              **/s/ Sheila K. Oberto**
                                                                    UNITED STATES MAGISTRATE JUDGE

McCORMICK, BARSTOW,
SHEPPARD, WAYTE &
CARRUTH LLP
5 RIVER PARK PLACE EAST
FRESNO, CA 93720-1501

4

STIPULATION FOR THE PHYSICAL EXAMINATION OF PLAINTIFF MAX L. REINIG AND [PROPOSED] ORDER